A. F. WHITMAN, Administrator, *vs.* M. A. BROTHERTON and others.

## April Term, 1875.

REHEARING PROPER, AND COUPLED WITH OTHER RELIEF.—The province of a rehearing proper is to correct erroneous conclusions of the court from the evidence on file, and mistakes of law; and if the application is also to change the record, as by excluding a deposition, it must show that the applicant has been free from negligence in not making the corrections before the hearing.

SAME—NECESSARY ABSENCE OF SOLICITOR.—It is not a sufficient ground to

sustain an application for rehearing, that the party, who was his own solicitor, was compelled to go to another court.

*John L. Fare,* for rehearing.
*John Lawrence,* for creditor.

THE CHANCELLOR:—Priscilla Brotherton died in 1873,. and complainant was appointed administrator of her estate. On the 25th of September, 1873, he filed this bill, to have the estate administered under the insolvent laws. In this. bill he gives a list of the claims against the estate which have been presented to him properly authenticated, and the justness of which. he seems to concede. Among these claims is an account in favor of M. Sinnott, for provisions. and groceries furnished to the deceased, amounting to $115.75. Such proceedings were had in the cause that an account of the debts of the estate was ordered and taken by the master, who filed his report on the 21st of April, 1874. Among the claims reported as valid is the claim of Sinnott,. $2.11 being added as interest, making it $117.86. This. report was, on the 26th of June, 1874, confirmed, without, exception having been taken to any of the items therein contained.

On the 7th of October, 1874, the said Sinnott filed his. petition to be made a defendant in the cause, and to be allowed to show that he held, as collateral security for his. account, a note, which he exhibits with his petition, and that this note is a lien on the realty sought to be sold by,. and which was sold under, the bill for the payment of the debts of the estate. It seems that the realty in question had been sold by C. W. Nance to Thomas Brotherton, the husband of Priscilla, who executed his notes for the purchase money, payable in instalments. The note produced by Sinnott is dated March 25, 1866, and made payable, one year after date, to Nance, and is for $250. It recites on its. face that it is given for the purchase money of said land,. and the papers show that a lien was retained for the payment of these notes on the land. Two of these notes, the

Sinnott note being one, were paid by Priscilla Brotherton after her husband's death, and Nance assigned them, and the judgments recovered thereon, to her. The record also shows that one of these notes was pledged by Priscilla to one S. W. Adkisson, to secure a loan of money to her, and that this note is reported by the master as a lien on the land without exception. Sinnott claimed, in his petition, that the note held by him had in like manner been pledged by the said Priscilla, as collateral security for the provisions furnished her by him. He stated, in his petition, that the facts had been made known to the administrator, who had assented to the justness of the claim, and the petitioner had supposed that he, the complainant, would see that not only his account, but his lien, would be allowed. This petition having been filed within the time allowed by law for bringing forward claims against the estate, I was of opinion that the petitioner was, of right, entitled to become a defendant, and so ordered accordingly. A reference was made to the master to report upon the facts set forth in the petition. On the 9th of June, 1875, the master filed his report. He finds that the petitioner was the holder of the note, and had produced it; that it had been placed in his hands as collateral security for his account already reported and allowed; that the note was a lien on the land, and Sinnott entitled to the benefit thereof.

On the 15th of June, 1875, the cause having been regularly called for hearing, and no exceptions having been filed to the report, the same was confirmed, and a decree entered on the minutes in conformity therewith, and signed.

On the 2d of July, 1875, John L. Fare, as the holder of several of the claims against the estate, files a petition, in which he asks for a rehearing of the case in the matter of the Sinnott claim, and to be allowed to file exceptions to a deposition taken in England and used by Sinnott on the reference, and, on the supposition that the exception will be allowed, to except to the master's report as not sustained by evidence. He states that he had called repeatedly

since the 9th of June, 1875, for the deposition, in order to put in exceptions thereto, but could not get it, the same having been taken out by the solicitor for Sinnott. He adds that the master assured him he should have an opportunity to except; that he was " compelled to go to the circuit court of Cannon county, and never got to see the papers until the 25th of June, 1875, nor saw Sinnott's account until that day."

By rule 11, § 5, of the General Chancery Rules, exceptions to depositions for any cause going to the admissibility thereof must be made and disposed of before the commencement of the hearing; otherwise, they will be considered as waived. The fact that the deposition could not be found in the clerk's office before the hearing might be, under some circumstances, an excuse for then excepting. But in this instance the deposition was filed on the 23d of March, 1875, and the court was in session when the report was made, and an order could have been had at any moment requiring its production. The excuse offered for not filing exceptions, which goes only to the short period since the report was made, is, therefore, insufficient.

It has been the settled rule of this court, since I have had the honor of presiding, that the trial docket is promptly taken up, and regularly called from beginning to end, and the parties are required to be present in person, or by their solicitors, to try or continue each case as reached. It is obviously no sufficient excuse that the party, who is also a solicitor, was compelled to go to another court, to justify his absence when his cause is called. *Randall* v. *Payne*, 1 Tenn. Ch. 137, 142. If it were, in the multiplicity of courts in this city, it would, in the emphatic language of the Lord Keeper, in *Windham* v *Windham*, 2 Freem. Ch. 127, " blow up the court."

A rehearing can, as a general rule, only be had for altering a decree upon grounds which existed at the time when the decree was pronounced. Whether an application would fall within this rule which seeks to change the *status*

of the case at that date, by excluding some of the evidence then filed, may be doubtful, although, under our practice, there can be no doubt that new evidence may be admitted in a proper case, on a rehearing. *Tomlinson* v. *Tomlinson*, 11 Rich. Eq. 52 ; *Scales* v. *Nichols*, 2 Yerg. 140. And see, as to the English rule, *Buckmaster* v. *Harrop*, 13 Ves. 458 ; *White* v. *Fussell*, 1 V. & B. 153 ; *Hedges* v. *Cardonnell*, 2 Atk. 408 ; *Dale* v. *Roosevelt*, 6 Johns. Ch. 256 ; *Jenkins* v. *Eldridge*, 3 Story, 306 ; *Savage* v. *Carroll*, 1 Ball & B. 548. Outside of this exception, the province of a rehearing is simply to correct improper conclusions of the court from the evidence on file, or mistakes of law. *Robertson* v. *McLin*, 4 Hayw. 53. Strictly speaking, then, this is not an application for rehearing, but to set aside a decree in order to enable the applicant to correct the record as it then stood. Such an application must show that the applicant has been guilty of no negligence in not making the corrections before the case was called for hearing. No sufficient excuse appears on the face of this petition.

Nevertheless, in view of the loose practice which has prevailed in this court, I should not be inclined to insist upon the letter of the law if the petitioner made out a meritorious case. Upon examination, however, I find that his objection is purely technical, and, even if successful, would only result in delay and additional expense. The report of the master is clearly sustained by the proof; but the petitioner wishes to exclude the deposition of a witness taken in England, not upon the ground that he had no opportunity to cross-examine, or that the testimony is in conflict with any evidence introduced by him—for he has introduced none—but simply because the commissioner who took the deposition, not having been furnished with a form, as he should have been, and not knowing our forms, has omitted the required caption and conclusion. I certainly would not listen to such exception, after the party had allowed the proper time to pass, unless I could clearly see that some good would result. The deposition in question was opened

by the master on the 23d of March, 1875, and, if the petitioner intended to except, he should have done so at once, so that the deposition could have been retaken before the reference was acted upon.

I am satisfied, however, that the deposition is not absolutely necessary to the confirmation of the master's report. The Sinnott claim, it will be remembered, is recognized by the administrator in his bill, and has been regularly ascertained and allowed. The only question raised by Sinnott's petition and answer is his right to the lien note as collateral security. But he produces the note, which is *prima facie* evidence that he is entitled to it, and no one can complain if, instead of insisting upon the whole of it, he is content to claim it as security for less than one-half of the amount called for on its face. The report upon the claims against the estate shows that a similar note has been allowed as a lien debt. Under these circumstances Sinnott's claim is, in the absence of any proof to the contrary, fairly made out, and the deposition excepted to only renders this conclusion certain, the witness being the person first entrusted by Mrs. Brotherton with the note as collateral. I am clearly of opinion that to grant the present application would only add to the costs, without changing the result. It must, therefore, be refused.